81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carolyn J. COWAN, Plaintiff-Appellant,
v.
A.C. GILLESS, Sheriff, Defendant-Appellee.
 No. 95-5679.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1996.
 
 1
 Before: NELSON and SILER, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Carolyn J. Cowan, through counsel, appeals a district court order granting the defendant's motion for summary judgment in this suit filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking back pay, deferential pay, reinstatement, compensatory damages, and injunctive relief, Cowan asserted that the defendant implemented and maintained a policy that discriminated against her Seventh Day Adventist faith by requiring her to work on her Sabbath Day. The district court considered the plaintiff's claim on the merits, and granted the defendant's motion for summary judgment. Cowan has filed a timely appeal, raising the same issues presented to the district court.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendant. See Fed.R.Civ.P. 56(c); City Management Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Title VII makes it unlawful for an employer to discharge an employee because of the employee's religion. 42 U.S.C. § 2000e-2(a)(1). Cowan established a prima facie case of discrimination by showing that: (1) she holds a sincere religious belief that conflicts with an employment requirement; (2) she informed the employee about this conflict; and (3) she was discharged or disciplined for failing to comply with the conflicting employment requirement. Smith v. Pyro Mining Co., 827 F.2d 1081, 1085 (6th Cir.1987), cert. denied, 485 U.S. 989 (1988).
 
 
 5
 Nevertheless, the defendant met his initial burden of showing an absence of evidence to support Cowan's claim, after he presented evidence that he reasonably accommodated Cowan's religious beliefs. 42 U.S.C. § 2000e(j); Smith, 827 F.2d at 1085. Cowan's employer permitted her to secure a substitute for her shift any time she was scheduled to work on her Sabbath Day. She was permitted to use the employer's bulletin board to notify co-workers of her interest in swapping shifts, when necessary. This policy was sufficient to meet the employer's accommodation obligation under Title VII. Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 68-69 (1986).
 
 
 6
 In the face of this evidence, Cowan was required, yet failed, to submit significant probative evidence in support of her claims in order to defeat the defendant's motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Cowan cannot defeat the defendant's motion for summary judgment by challenging the policy as unreasonable merely because her private religious beliefs had to be made public, to the extent that her employer and co-workers necessarily became involved in the accommodation. Title VII does not require employers to accommodate the religious practices of an employee in exactly the way the employee would like to be accommodated. Pinsker v. Joint Dist. Number 28J, 735 F.2d 388, 390 (10th Cir.1984).
 
 
 7
 Lastly, there is no merit to Cowan's implication that the documentary evidence was unfairly balanced merely because it consisted of affidavits and information from witnesses who were associated with the Sheriff's Department.
 
 
 8
 Accordingly, the district court's judgment granting summary judgment in favor of the defendant is affirmed.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation